[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2003
THOMAS K. KAHN
CLERK

_____

No. 02-12794

_____

D. C. Docket No. 01-00904-CV-CB-C

SAMMIE BONNER CONSTRUCTION CO., INC.,

Plaintiff-Appellee,

versus

WESTERN STAR TRUCKS SALES,
INC.,

Defendant-Appellant,

DONALDSON COMPANY, INC.,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(May 12, 2003)**

Before ANDERSON and WILSON, Circuit Judges, and OWENS[*], District Judge.

_____

*Honorable Wilbur D. Owens, Jr., United States District Judge for the Middle District of Georgia, sitting by designation.

WILSON, Circuit Judge:

Western Star Trucks Sales, Inc. appealed the district court's order of remand, and Sammie Bonner Construction Co.,[1] moved to dismiss the appeal, asserting that we lacked jurisdiction because the order was unreviewable pursuant to 28 U.S.C. § 1447(d). This Court, reviewing the motion to dismiss, concluded that the order of remand was not reviewable, but that "to the extent that the order determined that plaintiffs in the underlying products liability action were precluded from recovering attorneys' fees under ALA.Code § 8-20-8, this Court has jurisdiction to review that decision." *Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc.*, 11th Cir. 2002, __ F.3d __ (No. 02-12794, Sept. 10, 2002). Because we find that the district court's ruling on attorney's fees was a matter of substantive law intrinsic to the order of remand, we vacate our prior order in this case and dismiss this appeal for lack of jurisdiction.

BACKGROUND

Bonner originally filed suit against Western Star in state court, alleging that it purchased two Western Star trucks equipped with air intake systems that later proved to be defective. Bonner therefore asserted a common law breach of

[1]Bonner filed this case as a putative class action in state court. For the sake of clarity, however, we will refer to all of the plaintiffs as Bonner.

contract claim and various statutory claims for breach of warranty. It also included an express ad damnum clause in the complaint, which provided that compensatory damages would not exceed $74,500. Bonner did not assert claims for punitive damages or attorney's fees.

Western Star removed the action to the Southern District of Alabama on diversity grounds, and Bonner subsequently filed a motion to remand the case to state court, arguing that its claims did not satisfy the jurisdictional minimum amount in controversy. The sole issue before the district court on the motion to remand, therefore, was whether the amount in controversy exceeded $75,000.

Because Western Star sought removal to federal court, it bore the burden of proving that Bonner's claims satisfied the minimum amount in controversy requirement. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002). In support of its argument against remand, Western Star thus argued that Bonner would be entitled to an award of attorney's fees under Alabama law if it prevailed at trial and that the amount of those fees, when added to Bonner's $74,500 claim, would raise the total amount of the claim above the jurisdictional minimum.[2] Western Star acknowledged that Bonner did not include

[2]Although Western Star argued before the district court that the claims of all of the class members could be aggregated to satisfy the jurisdictional minimum amount in controversy, the district court rejected that argument. Because Western Star has not addressed that argument on

3

a claim for attorney's fees in its complaint, but nevertheless asserted that the award of fees was mandated on a verdict for breach of warranty by section 8-20-8 of the Alabama Code, which provides, "If it is determined by a court of competent jurisdiction that either the manufacturer or new motor vehicle dealer, or both, have violated an express or implied warranty, the court shall add to any award or relief granted an additional award for reasonable attorney's fees." Ala. Code § 8-20-8.

The district court examined both the statute and the relevant case law and ultimately concluded that Western Star "failed to demonstrate that this statute provides for attorneys' fees on plaintiff's warranty claim." Because the court concluded that Bonner was not entitled to attorney's fees in the absence of a claim requesting them, it ruled that Bonner's claims did not exceed the $75,000 jurisdictional threshold and ordered that the case be remanded back to state court.

Western Star appealed the order of remand to this Court, and Bonner subsequently filed a motion to dismiss the appeal for want of jurisdiction. After reviewing the motion to dismiss, we concluded that we did not have jurisdiction to review the order of remand, but that we have jurisdiction to review the district court's ruling on the matter of attorney's fees.

---

appeal, it is deemed waived and we do not consider it. *See Chavis v. Clayton County Sch. Dist.*, 300 F.3d 1288, 1291 n.4 (11th Cir. 2002) ("[I]ssues not argued on appeal are deemed waived, and a passing reference in an appellate brief is insufficient to raise an issue.").

DISCUSSION

Before reaching the merits of the parties' arguments, we feel it is necessary to reconsider our prior order determining that we have jurisdiction to review the district court's attorney's fees ruling. *See Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). Although we addressed that issue in our prior order, we are not bound by that decision. *See Vann v. Citicorp Sav. of Ill.*, 891 F.2d 1507, 1509 n.2 (11th Cir. 1990) (per curiam) ("A motions panel's order, however, does not bind the panel hearing the case on the merits.").

As a general rule, an appellate court may not review a district court's order remanding a case back to state court. *See* 28 U.S.C. § 1447(d); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1096 (11th Cir. 1997) ("Cases remanded for lack of jurisdiction are immune from review even if the district court's decision is clearly erroneous."). There are, however, two widely recognized exceptions to this rule. *See Aquamar, S.A. v. Del Monte Fresh Produce N.A., Inc.*, 179 F.3d 1279, 1285 (11th Cir. 1999).

In *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 346 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706

5

(1996), the Supreme Court carved out an exception when it held "that only remand orders issued under [§] 1447(c) and invoking the grounds specified therein . . . are immune from review under [§] 1447(d)."[3] The *Thermtron Products, Inc.* exception does not apply to this case, however, because the district court's explicit basis for the order of remand was lack of subject matter jurisdiction pursuant to § 1447(c). *See Aquamar, S.A.*, 179 F.3d at 1285.

In addition to the *Thermtron Products, Inc.* exception, we have recognized a second exception to the § 1447(d) bar against review of remand orders. The "matter of substantive law" exception "permits appellate review of a district court remand order only where that order is based solely on a matter of substantive law." *Glasser v. Amalgamated Workers Union Local 88*, 806 F.2d 1539, 1540 (11th Cir. 1986) (per curiam). We have noted, however, that "[t]his exception . . . is a narrow one . . . . It expressly does not permit review of a remand order based on lack of jurisdiction." *Id.* (footnote omitted). Thus, when a district court rules on a

_____

[3]At the time that *Thermtron Products, Inc.* was decided, § 1447(c) provided that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case." 423 U.S. at 342 (internal quotation marks omitted). That section has since been amended to allow remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Although § 1447(c) has been amended, the *Thermtron Products, Inc.* exception still applies and allows review only of cases remanded for reasons other than that specified in § 1447(c). *See In re Shell Oil Co.*, 932 F.2d 1518, 1519–20 (5th Cir. 1991) (discussing *Thermtron Products, Inc.* in light of the amendment to § 1447(c) and recognizing that "[t]his leaves remand orders for lack of subject matter jurisdiction as the only clearly unreviewable remand orders").

matter of substantive law that must be resolved to determine whether the court has jurisdiction over the case, we may not review the court's ruling on that issue even if it is erroneous. *See Calderon v. Aerovias Nacionales de Colom.*, 929 F.2d 599, 602 (11th Cir. 1991) ("In deciding whether subject matter jurisdiction exists, a district court will reach legal conclusions concerning the presence of diversity or federal question. [Appellant] merely disagrees with the legal conclusion that the district court drew. . . . Assuming . . . that such a decision is erroneous, section 1447(d) precludes review of remand orders based on lack of subject matter jurisdiction even when the decision is wrong" (alterations in original) (internal quotation marks omitted).).

To determine whether Bonner's claims satisfied the minimum amount in controversy, the district court necessarily had to resolve a matter of substantive law, specifically the question of whether Bonner was entitled to recover attorney's fees under section 8-20-8. The attorney's fees issue therefore was intrinsic to the jurisdictional question and is, consequently, unreviewable on appeal. *See id.* (holding that the "matter of substantive law" exception is inapplicable when "the substantive issue is intrinsic to the district court's decision to remand for lack of subject matter jurisdiction"). For that reason, we find that the "matter of substantive law" exception does not apply in this case.

It thus is clear that neither the *Thermtron Products, Inc.* exception nor the "matter of substantive law" exception to § 1447(d) permit us to review the order of remand. Nevertheless, Western Star argues that we still may review the attorney's fees ruling under the doctrine set forth in *City of Waco v. United States Fidelity and Guaranty Co.*, 293 U.S. 140 (1934).

In *Waco*, a defendant in a state court action "vouched in" a nonresident third-party defendant which, in turn, removed the case to federal court on the ground that the action against it was a separable controversy. *Id*. at 141. The district court found that the third-party defendant "was an unnecessary and improper party" and dismissed it from the action. *Id*. at 142. Having dismissed the nonresident third party, the court concluded that diversity no longer existed and remanded the case back to state court. *Id*. The Fifth Circuit found that it could not review the order of remand and dismissed the appeal. *Id*. The Supreme Court ultimately held that the order of remand was not reviewable on appeal, but that the order dismissing the third-party defendant was reviewable because "if not reversed or set aside, [it would be] conclusive upon the petitioner." *Id*. at 143.

In applying the *Waco* doctrine, we have recognized that a court of appeals may "review district court orders that lead to, but are separate from, orders of

remand and have a conclusive effect upon the ensuing state court action."

*Aquamar, S.A.*, 179 F.3d at 1286. As we further explained,

> When a district court enters an order to do something *other than* remand (such as a dismissal of a claim or a party), and this order changes the contours of the state court action after remand . . . it does not matter whether the issue of law the court decided when it entered the order was jurisdictional or substantive; either way, the parties' rights have been altered in a manner that the state court cannot revisit.

*Id.* Thus, under the *Waco* doctrine and our decision in *Aquamar, S.A.*, we may review the underlying jurisdictional basis of a district court's order of remand if the court's decision will, as a practical matter, affect the parties' substantive rights in the state court proceeding.

Western Star asserts that the district court's attorney's fees ruling affected the parties' substantive rights, because it was tantamount to the dismissal of a claim and therefore had separate and independent significance from the order of remand. We do not agree. The district court did not dismiss a claim for attorney's fees; indeed, it could not have done so, because Bonner never asserted such a claim. This case, therefore, is distinguishable from *Waco,* in which the district court remanded the case for lack of jurisdiction only after it first dismissed one of the parties from the action. *Id.* at 1287. Because Bonner's complaint never included a claim for attorney's fees, the district court's ruling that it was not

entitled to fees did not "alter[] the contours of the remanded state court action" the same way that the dismissal of the third party in *Waco* did. *Id.*

Western Star, however, contends that the district court's attorney's fees ruling will be binding on the state court. We, however, do not agree. Because the district court's attorney's fees ruling was intrinsic to, and merely part and parcel of, the jurisdictional ruling, it cannot be said to have a preclusive effect on the state court proceedings. *See In re Loudermilch*, 158 F.3d 1143, 1146 (11th Cir. 1998) (per curiam) (finding that a district court's Employee Retirement Income Security Act preemption ruling on a motion to remand "ha[d] no preclusive effect on the state court's resolution of respondents' preemption defense in the same case"). The district court's order does not foreclose Bonner's right to amend the complaint to add a claim for attorney's fees in state court, nor does it foreclose Western Star's right to challenge such an amendment if it is made. The state court will not be bound by the district court's analysis of the attorney's fees issue and will "decide for itself what it finds to be persuasive." *Id*. at 1147.

CONCLUSION

Thus, we find that we have no jurisdiction to review the district court's determination that Bonner was not entitled to attorney's fees under section 8-20-8, because that issue was a matter of substantive law intrinsic to the jurisdictional

issue. Moreover, because the district court's ruling did not alter the parties' substantive rights upon remand to state court, it also is unreviewable under the *Waco* doctrine. Accordingly, this appeal is DISMISSED for lack of jurisdiction.