[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16053
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-01549-CV-T-30-EAJ

STEPHEN T. RAE,
d.b.a. Newtwork Professionals,

Plaintiff
Counter Defendant
Appellee,

versus

GREGORY PERRY,

Defendant
Counter Claimant
Appellant,

LIVEAMMO CORPORATION
a Delaware corporation,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 16, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory Perry appeals the district court's order entering judgment against him for attorneys' fees after finding that Perry lacked an objectively reasonable basis for removal, pursuant to 28 U.S.C. § 1447(c) . On appeal, Perry argues that the district court erred in determining that the amount in controversy did not exceed $75,000 based on all of the evidence in the record. Perry further argues that Rae's attorneys' fees in the state court proceedings alone were sufficient to meet the amount in controversy requirement. Perry also argues that the district court violated his due process rights when it entered a judgment for attorneys' fees against him before the 10-day time period for response proscribed by the district court had expired.

As a general rule, we will not review a district court's order remanding a case back to state court. *Sammie Bonner Constr. Co., Inc. v. Western Star Trucks Sales, Inc.*, 330 F.3d 1308, 1311 (11th Cir. 2003). However, we may review the merits of a remand order in considering whether the district court abused its discretion in awarding attorneys' fees and costs under 28 U.S.C. § 1447(c). *Legg v. Wyeth*, 428 F.3d 1317, 1319 (11th Cir. 2005). Section 1447(c) provides that, "[a]n order remanding the case may require payment of just costs and any actual

2

expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A district court has discretion to award attorneys' fees under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 711, 126 S.Ct. 704 (2005).

A civil case commenced in state court may generally be removed by the defendant to federal district court if the case could have been brought there originally. *Martin*, 546 U.S. at 134, 126 S.Ct. at 707. However, the case must be remanded to state court if it appears that the federal court lacks jurisdiction. *Id.* In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). In assessing whether removal was proper, the district court considers "only the limited universe of evidence available when the motion to remand is filed -i.e., the notice of removal and accompanying documents[, and] if that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213-15 (11th Cir. 2007), *cert. denied*, 128 S.Ct. 2877 (2008).

Where the basis for removing a case to federal court is diversity jurisdiction, the removing party must establish that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "Generally, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify" remand. *Federated Mutual Ins. Co. v. McKinnon Motors, L.L.C.*, 329 F.3d 805, 807 (11th Cir. 2003) (internal quotations omitted). Where jurisdictional damages are unspecified in the complaint, however, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases. *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). By contrast, attorneys' fees should not be considered when determining the jurisdictional amount in controversy unless they are allowed for by statute or by contract. *Federated Mutual*, 329 F.3d at 808 n.4 (citing *Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981)). If the jurisdictional amount is neither stated clearly on the face of the documents before the court, nor readily deducible from them, the district court lacks jurisdiction and must remand to state court. *Lowery*, 483 F.3d at 1210-11, 1219.

District courts enjoy broad discretion in deciding how best to manage the

4

cases before them. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). District courts have managerial power to set and enforce deadlines to maintain control over their dockets. *Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004). Nonetheless, when a litigant's rights are materially prejudiced by the district court's exercise of discretion, we must redress a district court's mismanagement of a case. *Chudasama*, 123 F.3d at 1367. By contrast, pursuant to the harmless error rule, we will not reverse a lower court for errors and defects that do not affect a party's substantial rights. Fed.R.Civ.P. 61.

The district court did not abuse its discretion in determining that Perry lacked an objectively reasonable basis for removal and thus in assessing Perry with attorneys' fees pursuant to 28 U.S.C. § 1447(c). Viewed objectively, the complaint and supporting documentation filed with the notice of removal indicate that Rae sought $20,000 in compensatory damages on all counts together. Perry failed to present evidence that showed by a preponderance of the evidence that the compensatory and unspecified damages in the complaint, including punitive damages and attorneys' fees, alone or combined, met the jurisdictional amount. Perry's calculations were based on his own speculation, and therefore, were not objectively reasonable.

Although the district court did err in entering premature judgment against

5

Perry, Perry has failed to show that his rights were materially prejudiced by the error. Accordingly, the district court's judgment against Perry for Rae's reasonable attorneys' fees is affirmed.

**AFFIRMED.**[1]

---

[1] Perry's motion to stay is denied, as is his request for oral argument.