NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0543n.06

No. 16-3613

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 24, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CHRISTOPHER J. HUNTER, | ) | |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | O R D E R |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent-Appellee. | ) | |

Before: CLAY and NALBANDIAN, Circuit Judges.[*]

Christopher J. Hunter appeals two district court orders, one rejecting his motion under 28 U.S.C. § 2255 and the other denying his motion to amend.

But before we examine the merits of Hunter's appeal, this Court has an independent duty to "satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 95 (1998) (cleaned up). *See also Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

In February 2016, the trial court in this case rejected Hunter's habeas petition and a motion to amend. Then, in March 2016, Hunter made several timely motions under Fed. R. Civ. P. 59(e) to revisit those rulings. Hunter filed his first motion for reconsideration a month after the district court entered its order on his motion to amend. Because he filed that motion pro se while at the

---

[*]In view of recusal by the third judge, this order is entered by a quorum of the panel. 28 U.S.C. § 46(d).

same time represented by counsel, the district court entered an order striking that motion the next day. Through counsel, and three days later, he filed a redacted motion for reconsideration. In that motion, he sought permission to file a supporting report and recommendation from an unrelated case. The district court granted his request and, thirteen days after he had tried to file his pro se Rule 59(e) motion, he filed an identical but unredacted copy of the motion he had just filed. In each of these motions, Hunter asked the district court to reconsider both the February 11 order rejecting Hunter's motion to amend and the February 12 order rejecting his § 2255 motion.

The district court never entered a formal judgment for either order. Neither order is an exception to the separate document requirement under Rule 58(a). Fed. R. Civ. P. 58(a) (requiring "[e]very judgment and amended judgment [] be set out in a separate document" with five exceptions). And neither fulfills the requirement. *See United States v. Dean*, 519 F.2d 624, 625 (6th Cir. 1975) (holding that a district court's "'Order'" that "contained findings and conclusions and stated that the Court 'enter[ed] summary judgment' for the Government" did not meet Rule 58's separate document requirement); *Cloyd v. Richardson*, 510 F.2d 485, 486 (6th Cir. 1975) (concluding that the district court's "'Judgment and Order'" that "set forth certain findings of the court and its reasoning in reaching a conclusion on the issue" with a "specific order" is not a Rule 58 separate document).[1] So Rule 58(c) considers the judgment for both orders entered 150 days after their respective entries in the docket. Fed. R. Civ. P. 58(c).

---

[1]These cases interpret Rule 58 as it existed after the 1963 amendment and not the most recently amended rules. But the cases still help clarify the meaning of the separate document requirement in the present-day Rule 58(a). The 1963 amendment added the separate document requirement. *See* Fed. R. Civ. P. 58 (1963) ("Every judgment shall be set forth on a separate document."). Although later amendments do change the rule's language, they do not change that requirement. *See* Fed. R. Civ. P. 58(a) (2002). In 2002, Rule 58 was amended to ensure that appeal time does not linger indefinitely if a district court does not enter a separate document. Under the 2002 amendment, the rule considers the time of entry of a judgment failing the separate

A party must file its Rule 59(e) motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). So to file a timely Rule 59(e) motion here, Hunter needed to file his motion within 178 days after the district court entered the respective orders in the docket. He did just that. He filed his last Rule 59(e) motion in March 2016, only a little over a month after the court entered its orders in the docket.

But before the district court could rule on Hunter's Rule 59(e) motion, Hunter filed his notice of appeal. In response, the district court stayed his Rule 59(e) motion until this Court resolved the appeal. It explained that "once a notice of appeal is filed, the District Court loses jurisdiction to decide . . . Hunter's Motion for Reconsideration." (R. 255, Order re Notice of Appeal, PageID # 3930–31; *see also* R. 244, Magistrate's Order to Pro Se Defendant, PageID # 3867 ("understanding [] the applicable law" to mean that the district court "lose[s] jurisdiction to decide [Hunter's] Fed. R. Civ. P. 59(e) motion" once he filed his notice of appeal).)

Although that was once a correct statement of the law, it simply is no longer true. In 1993, the Advisory Committee amended Fed. R. App. P. 4(a). The amendment's effect "suspend[s] or render[s] dormant a notice of appeal regardless of whether the [Rule 59(e)] motion was filed before or after the notice of appeal." *Patterson v. Anderson,* 586 F. App'x 657, 662 (6th Cir. 2014) (cleaned up). Under current law, Hunter's timely Rule 59(e) motion "toll[ed] the time to appeal [and] suspends the effectiveness of a notice of appeal until the last of such motions is resolved." *Id. See also* Fed. R. App. P. (a)(4)(A) (explaining that the "time to file an appeal" begins only after the district court enters its order "disposing of" the Rule 59(e) motion); Fed. R. App. P. (a)(4)(B)(i) (explaining that a notice of appeal does not "become[] effective" until the court's order

document requirement to be 150 days after the entry of the judgment in the civil docket. Fed. R. Civ. P. 58(b).

"disposing of the last such remaining" Rule 59(e) motion). When a party files a timely Rule 59(e) motion, "the district court still retains jurisdiction to consider the motion" even if the motion precedes the notice of appeal. *Patterson*, 586 F. App'x at 663 (cleaned up).

The district court's stay here does not change matters. A stay of a motion for reconsideration is not an order "disposing of" the motion for reconsideration. *Lexon Ins. Co. v. Naser*, 781 F.3d 335, 338 (6th Cir. 2015) (cleaned up) ("To dispose of a motion, a court must act in a way that indicates an intention that the act be final."). The stay's terms confirm this conclusion. The stay did not provide a ruling on Hunter's Rule 59(e) motion and only paused its determination on the motion "pending appeal." (Order Terminating Motion 5/31/2016.)

And the district court's stay of Hunter's Rule 59(e) motion is not a "final decision[]." 28 U.S.C. § 1291 (giving this Court jurisdiction over "appeals from all final decisions of the district courts of the United States"). *See Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 712, 715 (6th Cir. 2015) (cleaned up) (A "final" decision under § 1291 is a district court decision that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 103 U.S. 927, 934 n.11 (1983) (referring to "the usual rule that a stay is not ordinarily a final decision for purposes of § 1291, since most stays do not put the plaintiff 'effectively out of court.'"); *Clark v. Adams*, 300 F. App'x 344, 350 (6th Cir. 2008) (cleaned up) (noting the "uniqueness" of a stay qualifying as a "final decision for purposes of § 1291"). So this Court cannot yet exercise its appellate jurisdiction over the district court orders subject to the Rule 59(e) motion.

Accordingly, it is ordered that the appeal is DISMISSED and REMANDED to the district court for further proceedings not inconsistent with this order.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk