[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12281

Non-Argument Calendar

_____

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

*versus*

MCC INTERNATIONAL CORP.,
d.b.a. Mining Capital Coin Corp., et al.,

Defendants,

LUIZ CARLOS CAPUCI, JR.,
a.k.a. Junior Caputti,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:22-cv-14129-KMM

———————————————

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

This appeal involves several procedural challenges to a preliminary injunction. After careful analysis of the case law and record, we conclude that Luiz Carlos Capuci, Jr.'s arguments fail. First, service of process was not required to enter the preliminary injunction. Second, Capuci cannot challenge the preliminary injunction as overbroad as it relates to third parties, and it is not overbroad as it relates to him. Third, the district court complied with Federal Rules of Civil Procedure 52(a)(2) and 65(d)(1) when it granted the preliminary injunction by adopting the magistrate judge's Report and Recommendation, which sufficiently stated the reasons for and details of the preliminary injunction. Fourth, Capuci's argument that the district court should have issued a further written explanation is moot. Because Capuci's challenges on appeal fail, we affirm the district court's grant of the preliminary injunction.

## I.

Capuci allegedly committed fraud. After the SEC began investigating Capuci, he began closing bank accounts and liquidating assets and then fled to Brazil. The SEC initiated an enforcement action. As part of that enforcement action, the SEC sought a preliminary injunction to freeze Capuci's assets. The district court granted that preliminary injunction, adopting the magistrate judge's Report and Recommendation in full in a paperless order. Capuci appealed. Since briefing in this court, the district court has entered a full written statement of its reasons—tracking the magistrate judge's Report and Recommendation and adopting it. We now consider Capuci's appeal.

## II.

We have jurisdiction over an interlocutory appeal from the grant of a preliminary injunction under 28 U.S.C. § 1292(a)(1). We review the grant of a preliminary injunction, including an asset freeze, for an abuse of discretion. *See FTC v. IAB Mktg. Assocs., LP*, 746 F.3d 1228, 1232 (11th Cir. 2014). Thus, we review the district court's factual findings for clear error and its legal conclusions *de novo*. *See id.*

## III.

Capuci challenges several procedural aspects of the preliminary injunction process. First, Capuci challenges the preliminary injunction as issued improperly without previous service of process on Capuci. Second, Capuci argues that the preliminary injunction

is overbroad. Third, Capuci argues that the district court order violates Federal Rules of Civil Procedure 52(a)(2) and 65(d)(1) by not properly giving reasons. Fourth, Capuci argues that it is improper that the district court stated that it would issue an additional written order but had not done so when he filed his appellate briefs. We address each argument in turn.

*A.*

The SEC moved to dismiss Capuci's service of process challenge as moot based on Capuci allegedly waiving personal jurisdiction after he appealed. A motions panel denied the SEC's mootness motion. As the merits panel, we can reconsider any motions panel decision. *See Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1311 (11th Cir. 2003) (citing *Vann v. Citicorp Sav. of Ill.*, 891 F.2d 1507, 1509 n.2 (11th Cir. 1990)). Moreover, mootness is jurisdictional, and we may raise it *sua sponte*. *See FTC v. On Point Cap. Partners LLC*, 17 F.4th 1066, 1078 (11th Cir. 2021) (citing *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1331–32 (11th Cir. 2005)). Nonetheless, we agree with the motions panel's disposition of this issue. Capuci argues that the district court did not have personal jurisdiction to issue the preliminary injunction. Even if the district court later acquired personal jurisdiction because of Capuci's waiver, that wavier does not necessarily answer whether the district court needed or had personal jurisdiction at the time it issued the preliminary injunction. Thus, this challenge is not moot.

Capuci does not argue that he lacks sufficient contacts to the court's forum for personal jurisdiction. Instead, Capuci argues that

service of process was required to establish personal jurisdiction before the district court could issue the preliminary injunction. We disagree. We are bound by the former Fifth Circuit's case law. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). The former Fifth Circuit held that Federal "Rule [of Civil Procedure] 65(a) does not require service of process." *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978). This precedent binds us, but this rule also makes sense. As the Seventh Circuit has explained, the idea that service is required "is refuted by the plain language of Rule 65, which permits the issuance of a preliminary injunction 'only on notice.'" *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 842, 846 (7th Cir. 2012). And our sister circuits have likewise found that service of process is not required before issuing a preliminary injunction. *See Whirlpool Corp. v. Shenzhen Sanlida Elec. Tech. Co., Ltd.*, 80 F.4th 536, 543 (5th Cir. 2023), *cert. denied sub nom. Shenzen Sanlida Elec. v. Whirlpool Corp.*, No. 23-579, 2024 WL 674747 (U.S. Feb. 20, 2024); *H-D Michigan, LLC*, 694 F.3d at 842, 846–48; *see also Internatio-Rotterdam, Inc. v. Thomsen*, 218 F.2d 514, 516 (4th Cir. 1955) (same with TROs).

Capuci argues that *Corrigan Dispatch Co.* was about Rule 65(a)'s requirements and does not tell us whether there are broader personal jurisdiction requirements before issuing a preliminary injunction. We disagree. Capuci notes that we have held that "notice does not confer personal jurisdiction [over] a defendant when it has not been served in accordance with Rule 4." *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 750 (11th Cir. 2016); *see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*,

484 U.S. 97, 104 (1987). And of course, personal jurisdiction over a defendant is required to comport with the Constitution's due process requirements. *See Prewitt Enterprises, Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 917 (11th Cir. 2003). But *De Gazelle Group, Inc. v. Tamaz Trading Establishment*, 817 F.3d 747 (11th Cir. 2016), our case stating that "notice does not confer personal jurisdiction [over] a defendant when it has not been served," involved a final judgment from a default judgment, not a preliminary injunction. *See id.* at 751.

Capuci argues that *Eighth Regional War Labor Board v. Humble Oil & Refining Co.*, 145 F.2d 462 (5th Cir. 1944), decided the personal jurisdiction issue in this case in his favor. But that case did not involve an injunction issued with valid notice. It involved an appellee attempting to validate ineffective service on certain defendants by arguing that they were given notice by being alleged coconspirators with the defendants who were properly served.

Notably, the Fifth Circuit recently chose not to depart from *Corrigan Dispatch Co.* when faced with arguments like the ones here. *See Whirlpool Corp.*, 80 F.4th at 543. As in *Whirlpool Corp.*, Capuci does not argue that the district court would not have personal jurisdiction over him once he is served. *See* 80 F.4th at 543. Also as in *Whirlpool*, Capuci argues only that the lack of service prevents the issuance of the preliminary injunction, not that he lacks sufficient contacts for the court to exercise personal jurisdiction. *See id.* We agree with the Fifth Circuit's analysis and conclusion.

"There is a reason Rule 65 allows emergency injunctive relief before service of process, and this case provides a good example." *H-D Michigan, LLC*, 694 F.3d at 842. Holding that a preliminary injunction could not issue before service of process on a defendant abroad would mean that plaintiffs could not obtain initial relief from impending or ongoing harm allegedly caused by that defendant for months or even years as the Hague Convention service or alternative service process unfolded.

With a defendant who does not argue that he is not connected enough to the court's forum for personal jurisdiction, we refuse to depart from our rule that we have held requires notice but not service of process for a valid preliminary injunction to issue. Capuci cannot flee to avoid imposition of the preliminary injunction. After all, a preliminary injunction is just preliminary and temporary too. And before a permanent injunction can be entered, Capuci must be served. Capuci's service of process and personal jurisdiction arguments at this stage, however, fail.

*B.*

Second, Capuci cannot challenge the preliminary injunction as overbroad as it relates to third parties, and it is not overbroad as it relates to him.

Capuci lacks standing to challenge the preliminary injunction as overbroad to third parties. In *SEC v. ETS Payphones, Inc.*, 408 F.3d 727 (11th Cir. 2005), we held that the defendant lacked standing to challenge an asset freeze insofar as it applied to a nonparty's assets because the defendant did not establish that he had a close

relationship to the nonparty and that the nonparty had some obstacle to asserting its rights. *See id.* at 736. Capuci has not sufficiently established this here. What's more, the type of challenge here is foreclosed by Supreme Court case law. A party "lack[s] standing to challenge" an injunction on grounds that it is "overbroad" in its "appl[ication] to persons who are not parties." *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 775 (1994). In response to this case law, Capuci argues that the SEC waived the standing challenge by not arguing it below. But standing challenges cannot be waived or forfeited. *See Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019).

As it relates to Capuci, the SEC argues that Capuci waived overbreadth objections to the preliminary injunction as applied to him. It is true that he did not object to the Report and Recommendation on this ground in any depth and seems to focus largely on the injunction's effect on third parties. But Capuci did state that the "order is overbroad because it essentially restrains *anyone* or any entity (including banks, Capuci's attorneys and real estate agents, etc.) from spending their own funds even if those funds are unrelated to investor monies." Dist. Ct. Doc. 56 at 10–11 (emphasis added). But even giving Capuci the benefit of the doubt and considering this argument not waived, Capuci's argument fails because the injunction is not overbroad on that basis.

Capuci's overbreadth challenge as it relates to himself is an argument that the preliminary injunction improperly freezes funds unrelated to investor money. But we have held that it was not an

abuse of discretion when a district court did just that and enjoined all of a defendant's assets because it was "necessary to preserve such funds for potential disgorg[e]ment." *ETS Payphones, Inc.*, 408 F.3d at 736. And this rule makes sense because "disgorgement does not require the district court to apply equitable tracing rules to identify specific funds in the defendant's possession that are subject to return." *FTC v. Bronson Partners, LLC*, 654 F.3d 359, 373 (2d Cir. 2011). "[D]isgorgement is an equitable obligation to return a sum equal to the amount wrongfully obtained, rather than a requirement to replevy a specific asset." *SEC v. Banner Fund Int'l*, 211 F.3d 602, 617 (D.C. Cir. 2000). Therefore, Capuci's overbreadth argument fails.

## C.

Third, Capuci argues that the district court's preliminary injunction did not comply with Federal Rules of Civil Procedure 52(a)(2) and 65(d)(1). That is, Capuci argues that the district court failed to sufficiently state its reasons supporting the preliminary injunction—which those two rules require. We disagree. The district court expressly adopted the magistrate judge's Report and Recommendation in full and, in general, adopting a magistrate judge's Report and Recommendation "obviates the need for the district court to prepare its own written findings of fact and statement of reasons." *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988) (pretrial detention order). The adopted Report and Recommendation was sufficiently detailed to comply with these rules. *See On Point Cap. Partners LLC*, 17 F.4th at 1081 ("A judge need only

make brief, definite, pertinent findings and conclusions upon the contested matters; there is no necessity for overelaboration of detail or particularization of facts." (quoting *Stock Equip. Co. v. Tenn. Valley Auth.*, 906 F.2d 583, 592 (11th Cir. 1990))).

To be sure, Rule 65(d)(1)(C) prohibits a court from "referring to the complaint or other document" for purposes of "describ[ing] in reasonable detail . . . the act or acts restrained or required." But Rule 65(d)(1)(C) does not mean that a district court cannot adopt a Report and Recommendation prepared by a magistrate judge. When a district court adopts a Report and Recommendation it makes that order its own. Rather than being a reference to another document outside of the order within the meaning of this Rule, the Report and Recommendation is the order to the extent the district court has adopted it. *See Yates v. Mobile Cnty. Pers. Bd.*, 719 F.2d 1530, 1532–33 (11th Cir. 1983). Therefore, the district court complied with Rules 52(a)(2) and 65(d)(1).

### D.

Capuci makes a final objection—the district court said it would issue an additional written order but had not done so at the time of his appellate briefs. This issue is moot because the district court has issued the separate written order.

### IV.

Capuci's challenges on appeal fail because the district court did not abuse its discretion in granting the preliminary injunction.

22-12281                 Opinion of the Court                 11

For the reasons stated above, we **AFFIRM** the district court's grant of the preliminary injunction.