[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15144
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00742-CV-WS-M

REV. PRESTON L. SCARBROUGH,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(April 22, 2009)

Before DUBINA, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Preston L. Scarbrough appeals *pro se* from the district court's

dismissal of his tort claims for lack of subject matter jurisdiction and its dismissal of his constitutional claims for failure to state a claim upon which relief could be granted. He also appeals the district court's affirmance of the Social Security Administration's ("SSA") denial of retroactive disability insurance benefits, pursuant to 42 U.S.C. § 405(g), and Supplemental Security Income ("SSI"), pursuant to 42 U.S.C. § 1383(c)(3).

On appeal, Scarbrough argues that he exhausted his administrative remedies as to his tort claims, and therefore the district court's dismissal of his claims was inappropriate. As to his constitutional claims, he argues that the district court belittled his testimony and impaired his right to contract. Additionally, Scarbrough contends that his disability benefits should be retroactive to the onset date of his disability, not the date he filed his application for benefits. Lastly, as to his SSI claim, Scarbrough argues that he is entitled to benefits because, contrary to the Commissioner's finding, he had no excess income that would bar the benefits.

**I. Tort claims**

We review a district court's dismissal of a complaint for lack of subject matter jurisdiction *de novo*. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). "Facial attacks" on the complaint under Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction, require the district

court "to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (quotation and alteration omitted).

The Federal Tort Claims Act ("FTCA") states in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). This requirement is jurisdictional, and failure to exhaust administrative remedies prevents judicial review of a tort claim against the United States. *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008). The Supreme Court has held that a *pro se* petitioner is bound by the FTCA's exhaustion requirement, stating, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993).

Because, even as a *pro se* petitioner, Scarbrough was bound by the exhaustion requirement of the FTCA and failure to exhaust prevents judicial

3

review of his tort claims against the United States, we affirm the district court's dismissal of his tort claims.

## II. Constitutional claims

We review a grant of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim *de novo*, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (quotation omitted). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (quotations and alteration omitted). Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

Because Scarbrough's complaint and objection to the motion to dismiss

provided no details about which constitutional rights were allegedly infringed and which acts of the Commissioner infringed those rights, it cannot be said that the Commissioner received fair notice of what claims Scarbrough alleged. Accordingly, we affirm the district court's dismissal of Scarbrough's constitutional claims.

### III. Disability benefits and SSI

We review the decision of the Administrative Law Judge ("ALJ") as the Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The Commissioner's decision on a disability benefits application will be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999). The Commissioner's legal conclusions are reviewed *de novo*. *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

The Social Security Disability Insurance program provides for benefits under Title II of the Social Security Act to persons who have contributed to the program and who are determined to be "disabled" due to a physical and/or mental impairment. 42 U.S.C. § 401 *et seq.* The SSI program extends benefits under Title XVI of the Social Security Act to indigent disabled persons. 42 U.S.C. § 1381 *et*

*seq.*

The Act places a statutory limitation on retroactivity of disability benefits:

An individual who would have been entitled to a disability insurance benefit for any month had he filed application therefor before the end of such month shall be entitled to such benefit for such month if such application is filed before the end of the 12th month immediately succeeding such month.

42 U.S.C. § 423(b).

The basic purpose underlying the SSI program is to "assure a minimum level of income for people who are age 65 or over, or who are blind or disabled and who do not have sufficient income and resources to maintain a standard of living at the established Federal minimum income level." 20 C.F.R. § 416.110. The Social Security Act conditions eligibility for SSI benefits on meeting income and resource requirements. 42 U.S.C. § 1382(a)(1)(A) and (B). Pursuant to 42 U.S.C. § 1382a(a)(2)(B), unearned income for purposes of calculating SSI eligibility includes disability benefits. 42 U.S.C. § 1382a(a)(2)(B); 20 C.F.R. § 416.1121(a).

Pursuant to 42 U.S.C. § 423(b), Scarbrough could not receive benefits beginning more than 12 months before the date he filed his application. Because he filed the application at issue here in November 1991, November 1990 was the earliest date Scarbrough was eligible for disability benefits. Thus, substantial evidence supports the ALJ's decision that Scarbrough was ineligible for benefits

6

for the period from 1984 to 1990. Furthermore, as demonstrated in the ALJ's charts, Scarbrough's monthly income from his disability benefits exceeded the maximum permissible income for SSI during every year between 1990 and 2006. Because disability benefits are unearned income counting toward the maximum permissible income under SSI, substantial evidence supports the ALJ's finding that Scarbrough's income rendered him ineligible for SSI from 1990 until 2006. Accordingly, because substantial evidence supports the ALJ's findings that Scarbrough was not entitled to disability benefits beginning more than one year before his 1991 application and that he was ineligible for SSI due to his income, we affirm the district court's order.

## IV. Conclusion

For the above-stated reasons, we affirm the judgment of dismissal and the district court's order affirming the SSA's denial of disability and SSI benefits.

**AFFIRMED.**