Jeremy DEWITTE, Plaintiff,

v.

FOREMOST INSURANCE COMPANY, Defendant.

Case No: 6:16–cv–141–Orl–22DAB

United States District Court, M.D. Florida, Orlando Division.

Signed March 17, 2016

David B. Moffett, Morgan & Morgan, PA, Orlando, FL, for Plaintiff.

Fay E. Ryan, Butler Weihmuller Katz Craig LLP, Tampa, FL, for Defendant.

## ORDER

ANNE C. CONWAY, United States District Judge

This cause comes before the Court on Plaintiff Jeremy DeWitte's ("DeWitte") Motion to Remand (Doc. No. 9) filed on February 25, 2016. Defendant Foremost Insurance Company ("Foremost") filed its response in opposition (Doc. No. 11) on March 14, 2016. For the reasons that follow, the Court will deny DeWitte's motion to remand.

## I. BACKGROUND

This case arises out of an insurance dispute between DeWitte and Foremost.

On December 30, 2015, DeWitte filed a complaint (the "Complaint") against Foremost in the Ninth Judicial Circuit Court in and for Orange County, Florida. (Doc. No. 2 at p. 1). In the Complaint, DeWitte asserts a claim against Foremost for underinsured motorist benefits. (*Id.* ¶¶ 6–11). DeWitte alleges that he incurred damages, such as permanent bodily injury, physical impairment, disfigurement, mental anguish, loss of capacity for enjoyment of life, hospital and medical expenses, and loss of earnings as a result of the automobile accident with an underinsured driver that occurred on January 4, 2014. (*Id.* ¶¶ 4, 11). The only mention of the amount of damages in the Complaint is DeWitte's assertion that the amount in controversy exceeds $15,000, exclusive of interest, costs, and attorneys' fees. (*Id.* ¶ 1). Foremost removed that action pursuant to 28 U.S.C. §§ 1332 and 1446, asserting that this Court has diversity jurisdiction. (Doc. No. 1). Although there is no dispute that the parties are diverse, DeWitte moves for remand based on his argument that the amount in controversy requirement ($75,000) has not been satisfied. (Doc. No. 9). In addition, DeWitte seeks attorneys' fees pursuant to 28 U.S.C. § 1447(c). (*Id.* at pp. 10–11).

## II.  LEGAL STANDARD

It goes almost without saying that "[f]ederal courts are courts of limited jurisdiction," *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 807 (11th Cir.2003) (quoting *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994)), and where, as here, a party seeks to invoke the Court's diversity jurisdiction, the amount in controversy must exceed $75,000, 28 U.S.C. § 1332(a). Generally, the Court accepts that the amount in controversy has been satisfied when the plaintiff claims a sufficient sum in good faith, absent facts demonstrating to a legal certainty that the claim is really for less than the jurisdictional amount. *Federated Mut. Ins. Co.,* 329 F.3d at 807 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938), *superseded by statute on other grounds,* Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, Title X, § 1016(c), 102 Stat. 4670 (1988)). However, where the claim is for an indeterminate amount of damages, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Id.* (citation omitted); *see also, Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir.2001) (citations omitted).

When the amount in controversy is not apparent on the face of the complaint, a court will permit the use of "deduction, inference, or other extrapolation of the amount in controversy"; however, these deductions and extrapolations are not without bounds. *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 753–54 (11th Cir.2010). Ultimately, when the specific factual allegations underlying jurisdiction are in doubt, the removing party must support these allegations with "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id.* at 754. In the absence of reason, a court is left to conjure subject matter jurisdiction from thin air.

## III.  DISCUSSION

In this case, the Court's "common sense" and "judicial experience" support a determination that federal jurisdictional

requirements were met at the time of removal. *See Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir.2010); ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). Foremost primarily relies on DeWitte's medical bills from the accident totaling well over $100,000 and a claim of lien by Orlando Health Inc. in the amount of $112,000. (Doc. No. 11–1). The policy limits of the policy at issue are $100,000. (Doc. No. 9–1 ¶ 9). Thus, Foremost has produced evidence showing that DeWitte's economic damages alone exceed the jurisdictional requirement, without taking into account DeWitte's damages claims for loss of capacity for enjoyment of life and loss of earnings. The inquiry is not the amount a plaintiff is "likely to recover," but rather it is "an estimate of how much will be put at issue during the litigation...." *S. Florida Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir.2014). Notably, medical bills related to treatments a plaintiff has undergone after an injury are sufficient to establish the amount in controversy. *See Kilmer v. Stryker Corp.,* No. 5:14–CV–456–OC–34PRL, 2014 WL 5454385, at *4 (M.D.Fla. Oct. 27, 2014); *DeGeorge v. Geico Gen. Ins. Co.,* No. 6:12–CV–1654–ORL–37, 2012 WL 6212916, at *2 (M.D.Fla. Dec. 13, 2012) (finding that a detailed account of plaintiff's past medical bills totaling more than $97,000 sufficient to meet amount in controversy).

Foremost also mentions, briefly, DeWitte's's demand letters for $100,000 and $90,000 as a basis for finding that the amount in controversy requirement has been satisfied. This Court, like most others in this District, is hesitant to rely on a demand letter to establish the amount in controversy unless the letter offers a "rea-sonable assessment of the value of [the] claim." *Lamb v. State Farm Fire Mut. Auto. Ins. Co.,* No. 3:10–cv–615–J–32JRK, 2010 WL 6790539, at *2 (M.D.Fla. Nov. 5, 2010) (quoting *Jackson v. Select Portfolio Servicing, Inc.,* 651 F.Supp.2d 1279, 1281 (S.D.Ala.2009)). The Court gives DeWitte's demand letters, consisting merely of a flat dollar amount, little weight. *See DeGeorge,* 2012 WL 6212916, at *2. In any event, the demand letters are not necessary because Foremost relies on DeWitte's 2014 medical bills to establish the amount in controversy.

■ Lastly, DeWitte argues that Foremost's Notice of Removal lacks objective support. (Doc. No. 9 at p. 7). According to DeWitte, the Court is constrained to the complaint and the notice of removal in determining whether the amount in controversy requirement is satisfied. (*Id.*) However, a court is permitted to review evidence outside of the removal petition. *Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 949 (11th Cir.2000) ("While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition."). Additionally, DeWitte argues that his hospital bills should be reduced to reflect comparative negligence or collateral sources. (Doc. No. 9 at p. 8). This argument has been rejected because the Court's inquiry at the jurisdictional stage is to look at the amount in controversy at the time of removal, which does not take into account a subsequent set-off of that amount or a finding of comparative liability. *DeGeorge,* 2012 WL 6212916, at *2 (finding amount in controversy satisfied after discounting any alleged set-off); *see also, Black v. State Farm Mut. Auto. Ins.*

*Co.,* No. 10–80996–CIV, 2010 WL 4340281 (S.D.Fla. Oct. 22, 2010) ("any set-off to which Defendant may be entitled is irrelevant at the jurisdictional stage ..."). Therefore, the Court finds that the amount in controversy is easily met when the medical expenses from DeWitte's three surgeries are added to DeWitte's other damages. Accordingly, DeWitte's motion to remand is due to be denied. DeWitte's request for costs and attorney's fees will be denied. *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

## IV. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Plaintiff Jeremy DeWitte's Motion to Remand (Doc. No. 9) filed on February 25, 2016, is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on March 17, 2016.