[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2003
THOMAS K. KAHN
CLERK

No. 02-14158

D. C. Docket No. 02-00454 CV-D-N

FEDERATED MUTUAL INSURANCE COMPANY,

Plaintiff-Appellant,

versus

MCKINNON MOTORS, LLC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Alabama

**(April 28, 2003)**

Before DUBINA and FAY, Circuit Judges, and DOWD*, District Judge.

DUBINA, Circuit Judge:

---

*Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Federated Mutual Insurance Company ("Federated") appeals the district court's dismissal of its declaratory judgment action, brought to resolve an insurance coverage dispute, for lack of subject matter jurisdiction based on a failure to meet the amount in controversy requirement of 28 U.S.C. § 1332. The sole issue raised on appeal is whether the district court erred in calculating the amount in controversy by failing to consider McKinnon Motors, LLC's ("McKinnon's") claim against Federated for bad faith. We do not reach this issue because we hold that, even if we were to consider McKinnon's bad faith claim, Federated failed to meet its burden of proof in establishing that the value of its claim satisfied the amount in controversy.

## I. BACKGROUND

A. Facts

McKinnon purchased an insurance policy from Federated that provided coverage up to $50,000 for acts of employee dishonesty.

In August 1999, McKinnon filed a proof of loss with Federated for losses allegedly incurred because of the dishonesty of Jackie Ray Neeley ("Neeley"), a former general manager of a McKinnon dealership. McKinnon filed a second proof of loss arising from Neeley's alleged dishonesty in February 2000.

2

Federated investigated each of McKinnon's claims for employee dishonesty and eventually denied both claims because it found that the policy language did not cover the losses. Following the denial of the claims and the resolution of a lawsuit by Neeley against McKinnon, McKinnon demanded the $50,000 policy limits of the employee dishonesty provision from Federated and threatened to sue for bad faith failure to pay if Federated did not tender the policy limits.

B. Procedural History

Federated filed a declaratory judgment action against McKinnon in the Federal District Court for the Middle District of Alabama seeking a declaration of its rights and obligations under the employee dishonesty provision of its insurance contract with McKinnon. McKinnon filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The district court granted McKinnon's motion to dismiss on the ground that Federated did not meet the amount in controversy required by § 1332. Federated then perfected this appeal.

## II.  STANDARD OF REVIEW

"We review a district court's dismissal of a complaint for lack of subject matter jurisdiction under the *de novo* standard." *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997).

### III. DISCUSSION

"Federal courts are courts of limited jurisdiction." *Burns v. Windsor Ins., Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000. 28 U.S.C. §1332. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (citation omitted). A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938).

Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Red Cab Co.*, 303 U.S. at 289, 58 S. Ct. at 590. However, where jurisdiction is based on a claim for indeterminate damages, the *Red Cab Co.* "legal certainty" test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d

1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072-77 (11th Cir. 2000).[1]

Federated argues that its claim satisfies the amount in controversy requirement because the claim's value includes both the $50,000 policy limits and the potential liability it faces under McKinnon's bad faith claim against it.[2] McKinnon responds by arguing that the amount in controversy cannot be satisfied by reference to its claim for bad faith because it is improper to consider counter-claims in such an analysis.

We assume, without deciding, that Federated can meet the amount in controversy by reference to McKinnon's claim for bad faith.[3]  Taking this

---

[1]  We note that *Tapscott* arose in the removal context, while this case involves a declaratory judgment.  However, we find these two contexts analogous in this setting.  *Accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Although most of our caselaw regarding §1332's amount in controversy requirement has arisen in the context of removal from state to federal court, we find the procedures developed in those cases to be instructive in the converse context of declaratory judgment actions....").

[2]  We note that at the time the district court considered this case, McKinnon had only threatened to sue Federated for bad faith, but had not yet filed a claim.  Subsequent to the district court's decision, McKinnon filed a complaint for bad faith against Federated in the Circuit Court of Chilton County, Alabama.  Although this fact was not before the district court and, therefore, is not a part of the record, we take judicial notice of McKinnon's bad faith claim under Fed. R. Evid. 201.

[3]  We recognize that support exists for this position. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 81 S. Ct. 1570, 6 L. Ed. 2d. 890 (1961) (finding that the amount in controversy was satisfied where the plaintiff in a federal declaratory judgment action sought less than the jurisdictional minimum, but the defendant brought a counter-claim that satisfied the amount in controversy). However, we also recognize that the *Horton* decision has been the subject of criticism centered around the difficulty in discerning the principle for which the case stands. *See* 14b

5

assumption into account, we turn to the question of whether Federated has satisfied its burden of proving that its claims are in excess of $75,000. We hold that it has not.

The employee dishonesty policy underlying this action only provides $50,000 in coverage, which does not satisfy the amount in controversy standing by itself. However, Federated argues that the value of its claim includes both the policy limits and the potential liability it faces under McKinnon's bad faith claim.[4] But, McKinnon did not and has not placed any dollar amount on the various damages it is seeking under its bad faith claim. Therefore, the damages McKinnon prays for under the bad faith claim are indeterminate. *See Greenberg*, 134 F.3d at 1253 (explaining that a prayer for damages is indeterminate where the "complaint does not allege a specific amount of damages").

---

CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3706 (3d ed. 1998). Because Federated would not reach the jurisdictional minimum even if we extracted a rule from *Horton* or elsewhere that consideration of counter-claims in determining the amount in controversy is proper, we decline to pass judgment today on whether such a method of calculation is proper.

[4] Federated additionally argues that McKinnon's demands for attorneys fees and costs under its bad faith claim count towards the jurisdictional minimum. The general rule is that attorneys fees do not count towards the amount in controversy unless they are allowed for by statute or contract. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981). The claim of bad faith failure to pay is a common law cause of action in Alabama. *Weems v. Jefferson-Pilot Life Ins. Co., Inc.*, 663 So.2d 905, 911-912 (Ala. 1995). Therefore, McKinnon's claim for attorneys fees is neither statutory nor contractual and does not count towards the jurisdictional minimum. Additionally, the very text of 28 U.S.C. § 1332 precludes consideration of McKinnon's claim for costs in determining whether Federated satisfied the amount in controversy.

In fact, McKinnon represented to the district court in its Motion to Remand that it does not seek and, more importantly, ***will not accept*** damages in excess of $74,000 exclusive of interest and costs. Because McKinnon's lawyers are officers of this court and subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose,[5] such as merely to defeat diversity jurisdiction, we give great deference to such representations and presume them to be true. *See Burns*, 31 F.3d at 1095 ("Every lawyer is an officer of the court. And, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal.").

Federated has offered no evidence to rebut McKinnon's representation and no evidence to show that McKinnon's bad faith claim would satisfy the amount in controversy. Federated does point to a number of Alabama cases where courts have awarded punitive damages well in excess of $75,000 for bad faith failure to pay, *Intercontinental Life Insurance Co. v. Lindblom*, 598 So. 2d 886 (Ala. 1992); *United Services Automobile Ass'n v. Wade*, 544 So. 2d 906 (Ala. 1989); *Nationwide Mutual Insurance Co. v. Clay*, 525 So. 2d 1339 (Ala. 1987), but mere

---

[5] We note that under *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S. Ct. 2447, 2456, 110 L. Ed. 2d. 359 (1990), a motion for Rule 11 sanctions involves a collateral proceeding that can be initiated and decided after the case on which it is based is finally resolved and no longer pending.

citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of Federated's assertion in this case. Therefore, we conclude that even if we were to consider McKinnon's bad faith claim in determining the amount in controversy, Federated has failed to prove by a preponderance of the evidence that McKinnon's claim is in excess of $75,000 and, thus, the district court did not err in granting McKinnon's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

For the foregoing reasons, we affirm the district court's judgment of dismissal.

AFFIRMED.