[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14526
Non-Argument Calendar

_____

D. C. Docket No. 04-00407-CV-FTM-29SPC

LEROY KING,
MAMIE LOU KING,
a.k.a. Mamie L. Edwards,

                                        Plaintiffs-Appellants,

versus

KENNETH D. EPSTEIN,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 14, 2006)

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

LeRoy King and Mamie Lou King a/k/a Mamie L. Edwards (hereinafter "the Kings"), proceeding pro se, appeal the district court's dismissal of their 42 U.S.C. § 1983 complaint. This appeal arises from the Kings' claim that Kenneth D. Epstein defrauded LeRoy King when he sold him what he allegedly misrepresented to be a classic luxury car. The Kings argue that Epstein violated their constitutional rights when he secured a judgment and a writ of execution in Florida county court in response to the Kings' refusal to pay him and had sheriffs sell three pieces of real property that belonged to Mamie King and another property that belonged to her son Demetrius King. The district court, acting sua sponte, found that it had neither federal question jurisdiction, as Epstein was a private actor, nor diversity jurisdiction, as it did not believe the Kings could claim over $75,000 in damages in good faith. Accordingly, the court dismissed their complaint for lack of subject-matter jurisdiction. The court subsequently denied the Kings' motion for rehearing and/or reconsideration. The Kings appeal both decisions.

"Subject matter jurisdiction is a question of law subject to *de novo* review." *Williams v. Best Buy Co.,* 269 F.3d 1316, 1318 (11th Cir. 2001).

First, the Kings contend that federal question jurisdiction exists in their case. Liberally construing their briefs, the Kings argue (1) that Epstein and Florida state actors violated their equal protection rights by inappropriately using state law to

2

take their property because they are African-American, and (2) that Epstein and Florida state actors violated their due process rights under color of Florida law by taking Mamie King and Demetrius Edwards's property to satisfy LeRoy King's debt. The Kings admit that Epstein is a private citizen but argue that the federal question arises from the fact that Epstein got the Florida county courts and sheriffs to take their property.

"[A] federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (internal quotations and citations omitted). A claim is "wholly insubstantial and frivolous" where it "has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id.* (internal quotations and citations omitted). We have the obligation to inquire into subject-matter jurisdiction whenever it may be lacking. *See Williams*, 269 F.3d at 1318.

In order to prevail on a civil rights action under § 1983, the Kings must show that a person acting under color of state law deprived them of a federal right. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

3

[S]tate action requires *both* an alleged constitutional deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, *and* that the party charged with the deprivation must be a person who may fairly be said to be a state actor.

*Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000) (internal quotations and citations omitted) (emphasis in original). State action is a jurisdictional prerequisite, and we must therefore dismiss the Kings' section 1983 claim in its absence. *Nail v. Cmty. Action Agency of Calhoun County*, 805 F.2d 1500, 1501 (11th Cir. 1986) (per curiam); *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir.2001).

The Fourteenth Amendment does not prohibit "private conduct, however discriminatory or wrongful," unless the private individual has become so allied with the state as to be a state actor. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936, 102 S. Ct. 2744, 2753, 73 L. Ed. 2d 482 (1982) (internal quotations omitted); *Cobb v. Georgia Power Co.*, 757 F.2d 1248, 1250 (11th Cir. 1985). However, "one who has obtained a state court order or judgment is not engaged in state action merely because [he] used the state court legal process." *Cobb*, 757

4

F.2d at 1251.

The Kings allege that Epstein violated their Fourteenth Amendment rights by using the Florida county courts to secure a judgment and a writ of execution and by using various Florida county sheriffs to conduct sheriff's sales of the properties subject to the writ. The Kings nowhere allege that Epstein either illegally conspired with those state actors or did anything more than use the courts to satisfy a debt. They have not overcome the general prohibition against applying the Fourteenth Amendment to private individuals, and therefore the district court lacked federal question jurisdiction to hear the Kings' complaint.

Alternatively, the Kings' contend that they exceed the $75,000 amount in controversy requirement for diversity jurisdiction because they each are seeking one million dollars in damages. "In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000. . . . A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). The Kings cite to exhibits filed with the district court, showing a homeowner's insurance policy on the 2654 Saint Charles Street property, which lists $78,000 for the dwelling, $7,800 for other structures, $39,000 for personal property, and $15,000 for loss of

use, and an appraisal for the same property showing its current value as $69,810. They also allege that the property at 2730 Lime Street was appraised at $54,995, that the property at 1209 DeSoto Avenue was appraised for $10,000, and that the Leon county property was appraised for between $80,000 and $120,000. Finally, they allege unspecified damages due to the physical and emotional harm Epstein caused them.

To justify dismissing the claim for lack of diversity jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (internal quotations omitted). However, where a claim is made for indeterminate damages, "[the] 'legal certainty test' gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Id.* The Kings claimed unspecified damages of one million dollars each for the violation of their civil rights. Later, they specifically alleged harm, both physical and emotional, that resulted from those violations. Finally, they specify the actual damages they had suffered, some evidence of which was already in the record, totaling at least $214,805 due to the loss of the four properties. All of this makes it difficult, at this stage of the proceedings, to say, with a legal certainty, that the Kings' claim is not worth at

6

least $75,000.

We can affirm a district court decision on any adequate ground, however, even if different from the grounds upon which the district court relied. *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1433 n.9 (11th Cir. 1998).

We must "review *sua sponte* whether we have jurisdiction at any point in the appellate process." *United States v. Cartwright*, 413 F.3d 1295, 1299 (11th Cir. 2005) (per curiam), *cert. denied*, ___ S. Ct. ___ (2006). The *Rooker-Feldman* doctrine[1] "provides that federal courts, other than the Supreme Court, have no authority to review the final judgments of state courts." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (internal quotations omitted).

The doctrine does not apply, however, if the plaintiff had no "reasonable opportunity to raise his federal claim in state proceedings." *Id.* (internal quotations omitted). "[A] party's ability to raise a claim on appeal constitute[s] a reasonable opportunity to raise the claim." *Blue Cross and Blue Shield of Md., Inc. v. Weiner*, 868 F.2d 1550, 1555 (11th Cir. 1989).

All of the claims that the Kings could raise under diversity jurisdiction either

---

[1]The *Rooker-Feldman* doctrine is derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

flow directly from the Florida county court judgment and writ (e.g. the sales of their property), or should have been raised there in defense (e.g. the alleged homestead exemption, fraudulent practices, and improper joining of Mamie King and Demetrius Edwards). In addition, there is no reason alleged why they could not have appealed this decision to a state court. Thus, under the *Rooker-Feldman* doctrine, the district court had no subject-matter jurisdiction to hear any of their claims, even if the parties were diverse, and even if the Kings sufficiently alleged an amount in controversy over $75,000. Accordingly, we affirm the district court's order dismissing the Kings' complaint for lack of subject-matter jurisdiction and denying their motion for rehearing/reconsideration.

Given that we find that the district court lacked jurisdiction to hear this action in the first instance, the remainder of the Kings' substantive issues on appeal are moot, as are any arguments regarding the district court's denial of the motion for rehearing/reconsideration.

Upon careful review of the complaint, pleadings, and district court orders, and upon consideration of the parties' briefs, we find no reversible error. For the above reasons, we affirm the district court's dismissal of the Kings' civil action for lack of subject-matter jurisdiction.

**AFFIRMED**

8