[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 08, 2010
JOHN LEY
ACTING CLERK

_____

No. 09-10749
Non-Argument Calendar

_____

D. C. Docket No. 08-02215-CV-ODE-1


MARGARET L. THOMAS,

                                                        Plaintiff-Appellant,


versus


UNITED STATES POSTAL SERVICE,
JOHN E. POTTER,
Postmaster General, U.S. Postal Headquarters,
GREGORY STEWART, Representative Appeals Officer,
Office of Personnel Management, Retirement
Services-Appeals,
CHARMAINE E. MURMER,
Program Manager Retirement,

                                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 8, 2010)

Before EDMONDSON, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Margaret L. Thomas, proceeding pro se, appeals the dismissal of her complaint, which alleged that the government wrongly had calculated her retirement annuity.[1] The district court dismissed Thomas's complaint for lack of subject-matter jurisdiction, Fed.R.Civ.P. 12(b)(1).[2] On appeal, Thomas repeats her argument that her retirement was calculated incorrectly and generally asserts that the district court had jurisdiction over her complaint. No reversible error has been shown; we affirm.

Thomas sought money damages against the United States Postal Service, the Office of Personnel Management ("OPM"), and employees of those agencies in their official capacities. The district court determined that Thomas's claim for money damages was barred by the doctrine of sovereign immunity. We agree.

"Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued." United States v. Dalm, 110 S.Ct. 1361, 1368 (1990) (internal quotations omitted). Official capacity suits are, in reality, suits against the official's agency/entity. Kentucky v. Graham,

---

[1]Thomas did not allege the specific statutory basis of her cause of action.

[2]We review de novo a district court's dismissal for lack of subject-matter jurisdiction. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003).

105 S.Ct. 3099, 3105 (1985). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." Lane v. Pena, 116 S.Ct. 2092, 2096 (1996) (citations omitted). Thomas failed to proffer an express statutory waiver of sovereign immunity and, thus, the district court lacked jurisdiction over her complaint to the extent she sought money damages against Defendants.[3]

Thomas's complaint also sought judicial review of an adverse decision by the OPM. She appealed the OPM decision to the Merit Systems Protection Board ("MSPB"). But the MSPB dismissed the appeal without prejudice for her to obtain the correct forms and re-file. From the record, whether Thomas re-filed her MSPB appeal is unclear.

Whether or not Thomas re-filed her appeal of the OPM decision to the MSPB, the district court determined correctly that it lacked jurisdiction to consider her claim. The Civil Service Reform Act provides the exclusive procedure for challenging federal personnel decisions. See Broughton v. Courtney, 861 F.2d 639, 643 (11th Cir. 1988). And the OPM's decision about an employment act is

---

[3]While the district court dismissed this portion of Thomas's complaint for failure to state a claim, Fed.R.Civ.P. 12(b)(6), a dismissal on sovereign immunity grounds should be pursuant to Rule 12(b)(1) because no subject-matter jurisdiction exists. See Bennett v. United States, 102 F.3d 486, 488 n.1 (11th Cir. 1996). But this error in the basis for dismissal has no impact on the ultimate outcome of this appeal.

final and conclusive unless the applicant appeals to the MSPB. <u>See</u> 5 U.S.C. § 8347(c), (d). Even if Thomas did re-file her appeal with the MSPB, she could only have sought additional judicial review with the Federal Circuit, not the district court. <u>See</u> 5 U.S.C. § 7703(a)(1), (b)(1) (affording an individual right to seek judicial review of an MSPB decision through the Federal Circuit within 60 days after receiving notice of the final decision of the MSPB).

AFFIRMED.