[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12091
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cv-81135-KLR

JUSSI K. KIVISTO,

Plaintiff-Appellant,

versus

ARMI KULMALA,
WELLS FARGO ADVISORS, LLC,
f.k.a. A.G. Edwards,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 19, 2012)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Jussi Kivisto, proceeding *pro se,* appeals the district court's dismissal of his

action to compel arbitration and stay state court proceedings and for declaratory relief, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Kivisto filed a complaint in federal district court against Armi Kulmala and Wells Fargo Advisors, LLC, seeking to compel arbitration related to a state court action initiated by Kulmala against Kivisto and Wells Fargo to determine the proper beneficiary of a Wells Fargo brokerage account that was owned by Leo Jaakola prior to his death.  Kulmala alleged in the state court action that she was the intended beneficiary of the $61,957.84 held in the account, that Kivisto, as Jaakola's attorney, unduly influenced Jaakola to sign a transfer agreement directing that the funds in the account be distributed to Kivisto, and that Wells Fargo negligently turned over the funds to Kivisto and not Kulmala.

The district court dismissed Kivisto's complaint for lack of subject matter jurisdiction, finding that the only possible basis for federal jurisdiction was diversity jurisdiction and that the amount in controversy in the underlying state claim which Kivisto sought to arbitrate did not exceed the $75,000 threshold necessary to establish federal diversity jurisdiction.

On appeal, Kivisto argues that the district court improperly dismissed his federal complaint because the amount in controversy in the underlying state claim included not only the $61,957.84 value of the Wells Fargo account, but also attorney's fees by operation of contract and state law, and a reasonable calculation

2

of those fees showed, when added to the account value, that the $75,000 jurisdictional amount had been satisfied.

We review a district court's rulings on subject matter jurisdiction *de novo*. *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). A federal court must dismiss an action if it determines, at any time, that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Bochese v. Towne of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005).

Federal courts exercise limited jurisdiction and generally can hear only actions that either meet the requirements for diversity jurisdiction or that involve a federal question. 28 U.S.C. §§ 1331, 1332; *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Here, it is not disputed that diversity jurisdiction is the only possible basis for federal jurisdiction over Kivisto's complaint and that the dispositive issue is whether Kivisto has met the $75,000 amount in controversy requirement. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted).

The district court rejected Kivisto's argument regarding the attorney's fees, concluding that the contract governing the brokerage account would not entitle Kulmala to attorney's fees. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1305 (11th

3

Cir. 2001) (holding that attorney's fees are not included in determining the jurisdictional amount in controversy unless the award of fees is authorized by a statute or contract).  Specifically, the district court noted that the contract between Wells Fargo and Jaakala did not create a right to attorney's fees to Kulmala from Wells Fargo and that the attorney's fees provision was inapplicable to the type of claims asserted in the state court action.  Alternatively, the district court concluded that even if it assumed the contract would entitle Kulmala to attorney's fees, Kivisto's allegation regarding the amount of fees was too conclusory.  *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (quotations omitted) (stating that where jurisdiction is based on an undetermined amount of damages, the party seeking to invoke federal jurisdiction must prove that the claim meets the threshold jurisdictional amount by a preponderance of the evidence).

Having considered the parties' briefs and the record, we find no reversible error in the district court's conclusion that Kivisto failed to meet his burden of establishing that the amount in controversy exceeded the $75,000 threshold and thus the district court lacked subject matter jurisdiction over Kivisto's complaint against Kulmala and Wells Fargo.  Additionally, regardless of the district court's findings as to the jurisdictional amount, it also properly found that it lacked jurisdiction over Kivisto's claims against Wells Fargo because there was no

4

controversy between Kivisto and Wells Fargo to confer Article III standing before the federal court.  Accordingly, we affirm the district court's dismissal for lack of subject matter jurisdiction.

**AFFIRMED.**