Deborah WINEBERGER,
Plaintiff–Appellant,

v.

RACETRAC PETROLEUM, INC.,
Defendant–Appellee.

No. 16–10214
Non–Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

Date Filed: 11/30/2016

James Moten Thompson, Kathryn Comly Hopkinson, Lauren Orebaugh, Thompson Legal Center, LLC, Tampa, FL, for Plaintiff–Appellant.

Lori R. Benton, Ford & Harrison, LLP, Orlando, FL, for Defendant–Appellee.

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Deborah Wineberger appeals the district court's grant of summary judgment in favor of RaceTrac Petroleum on her age discrimination claim under the Florida Civil Rights Act, Fla. Stat. § 760.10(1)(a). Ms. Wineberger filed this suit after Race-Trac terminated her employment because she allegedly stole a package of candy. Ms. Wineberger raises two issues on appeal. She first argues that the district court lacked subject-matter jurisdiction because the amount in controversy did not meet the $75,000 threshold requirement under 28 U.S.C. § 1332. Second, she asserts that she established a *prima facie* case of age discrimination and that she presented evidence of her supervisor's age bias under a "cat's paw" theory of liability. RaceTrac, in response, asserts that Ms. Wineberger was caught stealing a package of candy and that she failed to provide evidence of a causal link between her complaints of age discrimination and her subsequent termination.

After review of the record and consideration of the parties' briefs, we affirm.

## I

Because we write for the parties, we assume their familiarity with the underlying record and recite only what is necessary to resolve this appeal.

Ms. Wineberger, who is over the age of 50, sued her former employer, RaceTrac, the operator of a convenience store and gasoline station, after she was fired from her position as a part-time clerk for allegedly stealing a package of Starburst candy. The only claim that remains on appeal is Ms. Wineberger's age discrimination claim, stemming from her allegations that Race-Trac discriminated against her (and decided to fire her) on the basis of her age.

At the beginning of her final shift with RaceTrac, Ms. Wineberger purchased a pack of gum and Starburst candy. The store manager on duty later observed Ms. Wineberger take a second package of Starburst candy without paying for it and reported her conduct to another supervisor who reviewed video footage and register receipts to confirm that Ms. Wineberger had stolen the candy. That supervisor then contacted a third supervisor who independently reviewed the video footage and receipts and recommended that Ms. Wineberger be discharged for violating the company's no-theft policy. A fourth supervisor—who was unaware of Ms. Wineberger's age—made the final decision to fire her for stealing the candy. Several weeks later, Ms. Wineberger was replaced with a younger female.

Ms. Wineberger originally filed suit against RaceTrac in state court alleging age discrimination, disability discrimination, failure to promote on the basis of age, and retaliation under the FCRA. RaceTrac filed a notice of removal based on diversity jurisdiction under 28 U.S.C. § 1332, and Ms. Wineberger filed two motions to remand to state court challenging the amount in controversy. The district court denied both motions and concluded that RaceTrac presented sufficient evidence to establish that the amount in controversy exceeded $75,000 as required under § 1332. The district court then granted RaceTrac's motions to dismiss the failure to promote, disability discrimination, and retaliation claims. Following discovery, RaceTrac moved for summary judgment as to Ms. Wineberger's remaining claim for age discrimination.

The district court entered summary judgment in favor of RaceTrac, explaining that Ms. Wineberger had failed to establish a *prima facie* case of age discrimination because she had not demonstrated that the supervisor who fired her was aware of her age, not established pretext in light of RaceTrac's nondiscriminatory reason for terminating her employment (theft), or presented "a convincing mosaic of circumstantial evidence" upon which a jury could infer intentional age discrimination. D.E. 50 at 9–11. Ms. Wineberger now appeals.

## II

Before we discuss the merits of the age discrimination claim, we address Ms. Wineberger's argument that we lack subject-matter jurisdiction over this appeal because the district court erred in its calculation of the amount in controversy.

We review the district court's jurisdictional findings of fact for clear error, a highly deferential review requiring us to uphold findings that are plausible in light of the record as a whole. *See Underwriters at Lloyd's, London v. Osting–Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). The party seeking to invoke federal diversity jurisdiction under 28 U.S.C. § 1332 must prove that the claim meets the threshold jurisdictional amount of $75,000 by a preponderance of the evidence. *See Federated*

*Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 807 (11th Cir. 2003). District courts may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case ... establishes the jurisdictional amount." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061–62 (11th Cir. 2010). Courts are not limited to a "plaintiff's representations regarding its claim ... [and] may use their judicial experience and common sense." *See id.* Age discrimination claims under the FCRA are analyzed under the ADEA's framework, *see Mazzeo v. Color Resolutions Int'l, LLC,* 746 F.3d 1264, 1266 (11th Cir. 2014), and Social Security benefits are not deducted from ADEA awards. *See Dominguez v. Tom James Co.,* 113 F.3d 1188, 1191 (11th Cir. 1997). The FCRA also authorizes punitive damages up to $100,000 and permits the award of attorney's fees. *See* Fla. Stat. § 760.11(5).

The parties agree that a district court "must review the amount in controversy at the time of removal." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 751 (11th Cir. 2010). At the time of removal, Ms. Wineberger had alleged several claims for relief and sought recovery for back and front pay, compensatory and punitive damages, and attorney's fees. After reviewing comparable FCRA cases, RaceTrac's evidence and calculations, and Ms. Wineberger's lack of mitigating evidence suggesting alternative calculations, the district court estimated $43,289 in back pay, $12,670 in front pay, non-economic damages in the $5000–$30,000 range, $10,000 in attorney's fees, and $10,000 in punitive damages. D.E. 13 at 6–8. Although she claimed that damages would not exceed $65,000, Ms. Wineberger did not factor in attorney's fees or specify the type of damages that her calculations included. Thus, the district court concluded that she had not properly

stipulated to an amount less than $75,000. *See id.* at 5 n.2.

On appeal, Ms. Wineberger challenges the district court's calculations by claiming that our decision in *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213 (11th Cir. 2007), precluded the district court from "speculating" as to her damages. But *Lowery* dealt with CAFA-related removal issues that are not relevant or instructive here. *See id.* (analyzing the "scope of evidence on which a removing defendant may rely" under the removal provision, *see* 28 U.S.C. § 1453(b), of the Class Action Fairness Act). Moreover, Ms. Wineberger fails to account for other binding decisions that expressly allow a district court to make reasonable deductions and inferences and to rely on judicial experience. *See Roe,* 613 F.3d at 1061–62. *See also Pretka,* 608 F.3d at 747, 770 (declining to follow *"Lowery's* dicta about the type of evidence a defendant ... may use in establishing the requisite amount in controversy" if removal is sought within thirty days of service).

Ms. Wineberger also points to her second motion to remand, in which she claimed that she no longer sought front pay and that her Social Security Disability benefits (which accrued before she sued RaceTrac) should be deducted from the computed amount. Ms. Wineberger, however, filed her second motion after discovery and after RaceTrac had filed its summary judgment motion. The district court correctly considered front pay because the amount in controversy is dependent on facts at the time of removal, *see Pretka,* 608 F.3d at 751, and Ms. Wineberger did not challenge the front pay calculation until almost a year after the case had been removed to federal court. In addition, the district court properly decided not to offset Ms. Wineberger's back pay calculations with her Social Security benefits. *See Dominguez,* 113 F.3d at 1191.

Lastly, for the first time on appeal (and without explanation), Ms. Wineberger claims that her economic damages were below $28,000. We decline to address Ms. Wineberger's unsupported calculations in reviewing the district court's findings. Ms. Wineberger has not presented any evidence, mitigating or otherwise, to indicate that the district court clearly erred in finding that the amount in controversy "more likely than not," *see Roe*, 608 F.3d at 754, exceeded $75,000.

### III

We review *de novo* the district court's grant of summary judgment in favor of RaceTrac. *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The FCRA prohibits an employer from discriminating against an employee on the basis of age. *See* Fla. Stat. § 760.10(1)(a). We analyze age discrimination actions under the FCRA using the same framework as the ADEA. *See Mazzeo*, 746 F.3d at 1266. Under the ADEA, it is unlawful for an employer to discharge or otherwise discriminate against an employee who is at least 40 years old on the basis of age. *See* 29 U.S.C. §§ 623(a)(1), 631(a).

Where, as here, there is only circumstantial evidence of age discrimination, we use the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this framework, an employee must first establish a *prima facie* case, usually by proving that (1) she was a member of a protected age group (i.e., at least 40 years old at the time of termination); (2) she was subjected to an adverse employment action; (3) she was qualified to do the job; and (4) she was replaced by a younger individual. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). If an employee establishes a *prima facie* case, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged employment action. *See Mazzeo*, 746 F.3d at 1270. If the employer satisfies this burden, then the employee must provide sufficient evidence that the proffered reason is merely a pretext for unlawful discrimination. *See id. See also Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009) (explaining that pretext, i.e., "but-for" causation, must be shown by a preponderance of the evidence).

The district court did not err in granting summary judgment to RaceTrac on Ms. Wineberger's age discrimination claim under the FCRA. The evidence here, viewed in the light most favorable to Ms. Wineberger, indicates that although she may have established a *prima facie* case because she was over forty, was fired, was qualified for her position after working there for five years, and was replaced by a younger individual, she failed to show that RaceTrac's legitimate, nondiscriminatory reason for her discharge was pretextual. *See Alvarez v. Royal Atlantic Developers*, 610 F.3d 1253, 1265–66 (11th Cir. 2010). RaceTrac submitted evidence that Ms. Wineberger both knew of and violated the company's no-theft policy by taking the second package of candy without paying for it. In fact, three different supervisors independently reviewed the video footage and register receipts in order to determine whether Ms. Wineberger had paid for the candy. Furthermore, the evidence reflects that the supervisor who decided to fire Ms.

Wineberger was not even aware of her age when he made the decision.

■ Ms. Wineberger has not presented sufficient evidence to show that RaceTrac's reasons were false and that age discrimination was the real reason for her termination. Recognizing that the supervisor with the authority to fire her was likely unaware of her age, Ms. Wineberger urges us to use a "cat's paw" analysis to establish "but-for" causation. Such a theory applies where a "decisionmaker follow[s] the biased recommendation without independently investigating [a] complaint against [an] employee." *See Stimpson v. City of Tuscaloosa*, 186 F.3d 1328, 1332 (11th Cir. 1999). Under this analysis, Ms. Wineberger claims that on a separate occasion, the store manager who saw her take the candy had made an age-related comment that she moved "like [she was] 80 years old" and that by "accusing [her] of theft," Ms. Wineberger would be discharged. Ms. Wineberger ultimately argues that the supervisor who fired her was "a mere conduit, or 'cat's paw' to give effect to the [store manager's] discriminatory animus." *See id.*

Ms. Wineberger's argument that the store manager's age bias had a determinative influence over the supervisor who fired her is tenuous and not supported by the record. Although the store manager—who was over the age of fifty—had previously reported that Ms. Wineberger lacked a "sense of urgency" at work, there is no indication that the manager was referring to her age rather than her work performance in making the comment. Indeed, the store manager did nothing more than report the theft-related incident to her immediate supervisor who later recommended Ms. Wineberger's discharge after independently reviewing the video footage and receipts. We therefore agree with the district court that Ms. Wineberger has not presented "a convincing mosaic of circum-stantial evidence" to infer intentional age discrimination in this case and that RaceTrac's reasonable belief that she stole candy was a legitimate, nondiscriminatory reason for terminating her employment.

## IV

For the reasons stated above, we affirm the district court's grant of summary judgment in favor of RaceTrac.

**AFFIRMED.**