**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-14092
Non-Argument Calendar

_____

CYRILLE KOUAMBO BECKODRO,

*Plaintiff-Appellant,*

*versus*

SOUTHEAST TIRE & SERVICES,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 6:24-cv-00021-JRH-BKE

_____

Before NEWSOM, GRANT, and KIDD, Circuit Judges.

PER CURIAM:

Cyrille Beckodro, proceeding pro se, appeals the dismissal of his complaint alleging that Southeast Tire & Services breached its contractual obligations and engaged in deceptive trade practices.

After careful review, we conclude that Beckodro failed to invoke the jurisdiction of the federal courts and affirm the district court's dismissal order.

## I. BACKGROUND

In April 2024, Beckodro filed his initial complaint alleging that Southeast Tire "intentionally overcharged" him and "engaged in deceptive pr[i]cing tactics" when completing a repair of his car. On the civil complaint form, Beckodro indicated that both federal question and diversity of citizenship jurisdiction applied to his claims. However, he failed to plead damages exceeding $75,000 and cited no applicable federal laws or constitutional provisions.

Finding that this complaint did not provide any basis for federal jurisdiction, a magistrate judge ordered Beckodro to file an amended complaint by May 29, 2024. The deadline passed without any additional filings, so the magistrate judge recommended that Beckodro's complaint be dismissed for failure to prosecute, abandonment, and lack of subject matter jurisdiction. By separate order, the magistrate judge cautioned Beckodro that failure to object to his recommendation by June 24, 2024, could result in "waive[r] [of] the right to challenge on appeal the district court's adoption of each [unobjected-to] factual finding or legal conclusion."

While the magistrate judge's recommendation was pending, Beckodro filed two substantively identical amended complaints, each dated May 24, 2024, again asserting both federal question and diversity jurisdiction. Beckodro stated that "federal laws such as the Magnuson-Moss Warranty Act and the Consumer Protection

Safety Act provide[d] avenues for addressing deceptive practices in automotive repairs, allowing foreign citizens to seek relief in federal court." He also listed $150,000 as the amount in controversy. Beckodro did not object or otherwise respond to the magistrate judge's recommendation.

The district court thereafter entered an order dismissing Beckodro's case without prejudice. Based on evidence Beckodro had provided of mail delays, the court found no reason to dismiss for failure to prosecute or abandonment but adopted the magistrate judge's recommendation to dismiss the case on jurisdictional grounds. It considered Beckodro's amended complaints but concluded that his allegations did not establish federal jurisdiction, as he failed to link any alleged fact to a federal claim and his amount-in-controversy allegation was not made in good faith.

Beckodro moved for reconsideration, but the district court denied this request because the motion was "essentially a third amended complaint." This appeal followed.

## II. STANDARD OF REVIEW

We review de novo the dismissal of a complaint for lack of subject matter jurisdiction, "accepting all facts in the complaint as true and viewing those facts in the light most favorable to the plaintiff." *Fisher v. PNC Bank, N.A.*, 2 F.4th 1352, 1355 (11th Cir. 2021) (citation modified).

### III. DISCUSSION

On appeal, Beckodro maintains that, when liberally construed, his amended complaints invoked federal jurisdiction. Before addressing this argument, however, we note that Beckodro did not object to the magistrate judge's recommendation, or explain why he did not do so, despite being notified of the period for objecting and the consequences of failing to object. Ordinarily, Beckodro's actions would result in the waiver of his right to challenge the conclusions relied upon by the district court in dismissing his complaint. *See* 11th Cir. R. 3-1; *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (A pro se litigant "is subject to the relevant law and rules of court."). Nonetheless, we may review waived objections "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. Assuming Beckodro meets this standard or has otherwise preserved his claims for our review, we nevertheless conclude that he cannot show any error in the district court's dismissal order.

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Hakki v. Sec'y, Dep't of Veterans Affs.*, 7 F.4th 1012, 1031 (11th Cir. 2021) (citation modified). To invoke federal question jurisdiction under § 1331, Beckodro had to "plead a colorable claim arising under the Constitution or laws of the United States." *Id.* (citation modified). Beckodro's amended pleadings cited two federal laws—the Magnuson-Moss Warranty Act and the Consumer Protection Safety Act—and stated that these statutes "provide[d] avenues" for relief in similar cases. Beckodro did not, however, explain how these laws applied to the specific facts of his case. Although the district court

24-14092                Opinion of the Court                5

was obligated to liberally construe Beckodro's pro se complaints, it was under no obligation to serve as his "de facto counsel" and re-write a deficient pleading to sustain this action. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation modified).

Beckodro also makes no clear attempt on appeal to explain the applicability of these laws to his claims. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (noting that issues not briefed by a pro se litigant are abandoned). Instead, Beckodro asserts that his complaint included claims under Title VII, the Civil Rights Act of 1866, and the Federal Trade Commission Act. But Beckodro again does not indicate, nor is it independently clear to our Court, how these federal laws apply to his alleged dispute over a car repair. *See* 15 U.S.C. § 45(b); 42 U.S.C. §§ 1981, 2000e-2.

To invoke diversity jurisdiction under § 1332, Beckodro was required to "claim, among other things, that the amount in contro-versy exceeds $75,000." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). In this case, although Beckodro notated $150,000 as the amount in controversy, he pro-vided no explanation of the computation of this amount. The dis-trict court was permitted to use its experience and common sense to find that this allegation was not made in good faith, especially where evidence attached to Beckodro's filings showed that the car repair at issue involved just over $1,500. *See id.*; *see also Roe v. Mich-elin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). To the extent that Beckodro asserts that he should have been given an additional opportunity to amend his complaint to "clarify" the amount in

controversy, the district court was within its discretion to decline to allow him to do so. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019).

We need not address whether the district court properly denied Beckodro's reconsideration motion, as Beckodro abandoned any challenge to this order by failing to raise it in his brief. *See Timson*, 518 F.3d at 874.

## IV. CONCLUSION

We **AFFIRM** the district court's dismissal of Beckodro's complaint for lack of subject matter jurisdiction.